[No. 10,374.]

## THE PEOPLE v. JAMES WHITNEY.

INSTRUCTIONS PRESUMED TO BE CORRECT.— When the record does not present any of the evidence upon a point to which an instruction relates, it will not be assumed that evidence was introduced which made it necessary to modify the instruction as given; but it will be assumed that the instruction was correct, if it was legal and proper in any conceivable state of the evidence legally admissible upon the point.

USELESS BUT NOT ERRONEOUS INSTRUCTION.— An instruction that "a juror has no right to disbelieve the evidence, as a juror, while he believes it as a man. If, therefore, from the evidence in the case, you believe as men that the defendant is guilty, you should as jurors believe him guilty," is not erroneous, though it is useless.

APPEAL from the County Court of Siskiyou County.

The defendant was indicted for the crime of assault with intent to commit murder, and found guilty as charged in the indictment. The appeal is from the judgment. The facts are stated in the opinion.

_E. Steele_, for Appellant.

*Attorney-General Hamilton,* for Respondent.

By the Court, RHODES, J.:

The evidence is not contained in the record. In reviewing an instruction it will be assumed that the state of the evidence was such as to warrant the instruction, if it would be legal and proper in any conceivable state of the evidence; but in the absence of the evidence from the record it will not be assumed that evidence was introduced which would require a modification or qualification of any instruction as given. We cannot, therefore, determine from the record before us that the fifth instruction required any qualification or modification.

At the request of the District Attorney the Court instructed the jury that "a juror has no right to disbelieve the evidence as a juror while he believes it as a man. If, therefore, from the evidence in the case, you believe as men that the defendant is guilty, you should as jurors believe him guilty." In *Commonwealth* v. *Harman,* 4 Barr. 269, Mr. C. J. Gibson, in commenting upon circumstantial evidence, said that "all evidence is more or less circumstantial, the difference being only in the degree; and it is sufficient for the purpose when it excludes disbelief—that is, actual and not technical disbelief; for he who has to pass on the question is not at liberty to disbelieve as a juror while he believes as a man." The instruction, it may be assumed, was taken mainly from the language above cited; but by directing the attention of the jurors to the *evidence,* and not merely to the question of the guilt of the defendant, or even to the ultimate facts to be established by the prosecution, it avoids the objection stated by Mr. Justice Dillon in *State* v. *Collins,* 20 Iowa, 98, and in our opinion was not calculated to mislead the jury.

The only objection to the instruction is that it is useless, and that, having been given, it affords the defendant an opportunity to bring it up to this Court for review. It is not to be presumed that jurors would, from the charge of the Court, the arguments of counsel, or anything transpiring at the trial, entertain the idea that in becoming jurors they had ceased to be men,

or had acquired any new capacity by which they might test the truth of evidence; it was therefore as unnecessary to instruct them that a juror has no right to disbelieve the evidence as a juror while he believes it as a man, as it would have been to charge them that in becoming jurors they had not lost the capacity, which they possessed as men, to distinguish truth from falsehood or mistake.

Mr. Chief Justice WALLACE and Mr. Justice McKINSTRY did not express any opinion.