WILLIAM H. HOLMES V. STATE OF NEBRASKA.

FILED OCTOBER 22, 1908.    No. 15,651.

1. **Information: STATUTORY CRIMES: EXCEPTIONS.** In charging a statutory crime, where the statute contains an exception, the general rule is that the information should properly negative such exception; but, where the allegation covering the affirmative part of the statute clearly involves a negation of the other, no further negative need be added, and it is unnecessary for the pleader to refer to the exception.

2. **Criminal Law: INSTRUCTIONS: PRESUMPTION OF INNOCENCE.** An instruction as to the presumption of innocence, if otherwise correct, is not objectionable because it contains the words, "this presumption partakes of the nature of evidence," instead of "this presumption is evidence," and, when thus given, the court is not required to further instruct the jury on that point.

3. ———: ———: **DEFINING THE CRIME.** While it is proper in a criminal case to define the crime in the language of the statute describing the offense, still the court is not required to do so; and, if the import of the language employed is the same as that of the statute, it is sufficient.

4. ———: ———: **REASONABLE DOUBT.** An instruction on the question of reasonable doubt, if otherwise correct, is not to be condemned because it omits the clause: "You are not at liberty to disbelieve as jurors, if from all of the evidence you believe as men. Your oath imposes on you no obligation to doubt where no

doubt would exist if no oath had been administered." **On** the other hand, the trial court is to· be commended for such omission.

5. ———: EVIDENCE: STIPULATION: NEW TRIAL. Counsel for the defendant in a criminal prosecution may stipulate with the prosecuting attorney for the introduction of competent evidence in the nature of letters, written by the accused, without calling the persons to whom they were written as witnesses; and, where there is no showing that either the defendant or his counsel was misled in entering into the stipulation, and no effort was made to have it set aside, s··ch conduct on the part of counsel affords no ground for a new trial.

.. ———: MISCONDUCT OF ATTORNEY. Where the question as to the alleged misconduct of the county attorney in conducting the prosecution has been submitted to and decided by the trial court on conflicting evidence, such decision will not be disturbed unless it is unsupported by the testimony, and is clearly wrong.

ERROR to the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed. Sentence reduced.*

*W. W. Slabaugh,.* for plaintiff in error.

*William T. Thompson, Attorney General,* and *Grant G. Martin, contra.*

BARNES, C. J.

William H. Holmes, hereafter called the defendant, was· prosecuted in the district court for Douglas county for a violation of section 121 of the criminal code, which defines the crime of embezzlement. The charging part of the information on which he was tried reads as follows: "That on the 27th day of February, in the year of our Lord, one thousand nine hundred and seven, William H. Holmes, late of the county of Douglas aforesaid, in the county of Douglas, and state of Nebraska, aforesaid, then and there being in said county, and then and there being a duly admitted attorney at law to practice in the various courts of the state of Nebraska, and the said Douglas county, and then and there being the attorney at law for

one Joseph Schwenk, a private person, and not being an apprentice or a person within the age of eighteen years, then and there by virtue of his employment as such attorney at law for the said Joseph Schwenk did secure and take into his possession $647 in money, of the value of $647, the personal property of the said Joseph Schwenk, and then and there unlawfully and feloniously did convert to his own use and embezzle said money without the assent of the said Joseph Schwenk, his principal, employer and client." His trial resulted in a conviction. On the 4th day of April, 1908, he was sentenced to be confined in the state penitentiary for a period of three years, and has prosecuted error to this court.

Defendant's principal contentions are that the district court erred in giving the first paragraph of his instructions to the jury because the exception found in the statute as to apprenticeship and age is not properly negatived thereby; that the clause of the information which relates to this exception is disjunctive, and is therefore wholly insufficient to charge the offense of which he was convicted; and that for this reason the district court erred in not quashing the information, and in overruling defendant's motions in arrest of judgment and for a new trial. We will dispose of these assignments of error together, for what may be said as to any one of them applies with equal force to all of the others.

The section of the statute on which this prosecution is founded reads in part as follows: "If any clerk, agent, attorney at law, servant, factor or commission agent of any private person or any copartnership, except apprentices and persons within the age of eighteen years, * * * shall embezzle or convert to his own use * * * any money," etc. Criminal code, sec. 121. The words of the charge first above quoted, so far as material to this inquiry, are as follows: "William H. Holmes, * * * being a duly admitted attorney at law to practice in the various courts of the state of Nebraska, and of said Douglas county, and then and there being the attorney

at law for one Joseph Schwenk, a private person, and not being an apprentice, *or* person within the age of eighteen years," and the defendant's contention is that the use of the word "or" instead of "and" renders the clause which negatives the exception ineffectual. It may be stated at the outset that the exception appears in that part of the statute which is descriptive of the person or class of persons to which the defendant belongs, and is not found in that part of the information which describes. the act constituting the crime for which he was prosecuted. It seems clear that the exception was meant to exclude apprentices of whatsoever age, and all other persons within the age of 18 years. If this be so, the words of the information and of the instruction were sufficiently explicit. The information charges that the defendant was an attorney at law duly admitted to practice in the various courts of the state of Nebraska and of Douglas county; that he was at the time of the embezzlement acting as such attorney for one Joseph Schwenk, a private person. It follows that he was not, and could not have been, an apprentice within the meaning of the statute. The language of the charge makes it certain that the defendant was not a person within the age of 18 years, for our statutes relating to the admission of attorneys clearly provide that no person can be admitted to practice law in this state unless he shall be at least 21 years of age. The allegation that the defendant was an attorney at law duly admitted to practice in all of the courts of this state requires the court to take judicial notice of the fact that he was more than 18 years of age. Therefore the allegations which covered the affirmative part of the statute necessarily involved the negation of the exception. The rule in such cases is: "If the allegation on the affirmative part of the statute involves the negation of the other, no further negative need be added." 1 Bishop, New Criminal Procedure, sec. 641, subd. 6. Under this well-recognized rule it was unnecessary for the pleader to refer to the exception. We are therefore of opinion

that the information substantially follows the language of the statute, and is sufficient to charge the defendant with the crime of embezzlement. It follows that the description of the charge on which the defendant was prosecuted, as set forth in the instruction complained of, was correct, and that the court properly overruled defendant's motions.

It is also defendant's contention that the court erred in giving instruction No. 2, on his own motion, and the particular criticism of this instruction is that in speaking of the presumption of innocence it uses these words: "This presumption partakes of the nature of evidence," instead of "This presumption is evidence." The part of the instruction complained of reads as follows: "The law presumes the defendant innocent, and this presumption partakes of the nature of evidence, and so continues throughout the trial until said defendant has been proved guilty by the evidence, beyond a reasonable doubt." This instruction has our approval in *McVey v. State,* 55 Neb. 777, and is found in Good and Corcoran, Instructions to Juries, p. 260. To our minds the objection is too technical to merit serious consideration.

Defendant further insists that the court erred in giving instruction No. 3, on his own motion, because the statute on which the prosecution is based is not quoted in full. We find that the substance of the statute is stated in the instruction, and what was there said was sufficient to enable the jury to understand the nature of the charge against the defendant. This was all that was necessary. It was said in *Davis v. State,* 51 Neb. 301: "While it is proper in a criminal case in defining a crime in an instruction to use the language of the statute descriptive of such crime, yet, if the import of the language used in the instruction is the same as the statute, an instruction will not be held erroneous because the language employed by the court is different from the language of the statute." In *Mills v. State,* 53 Neb. 263, we held that "an instruction which consisted of quotation of the main

portions of the section of the criminal code under which the prosecution was instituted," was "not improper or misleading." It thus appears that the instruction complained of furnishes no ground for a reversal of the judgment in this case.

Instruction No. 12, given by the court on his own motion, is assailed as erroneous. This instruction defines a reasonable doubt, and is, in substance, the same as that given and approved in *Willis v. State*, 43 Neb. 102, *Barney v. State*, 49 Neb. 515, *Carrall v. State*, 53 Neb. 431, and in a long line of decisions ending with *Clements v. State*, 80 Neb. 313. The instruction as given in the foregoing cases has been often assailed because it contained the words: "You are not at liberty to disbelieve as jurors, if from all of the evidence you believe as men. Your oath imposes on you no obligation to doubt where no doubt would exist if no oath had been administered." This clause has been frequently criticised by us, and for this reason it is apparent that it was left out of the instruction complained of, and now counsel complains because of such omission. We think the criticism without merit, and that the instruction affords no ground for a new trial. The defendant also contends that his motion for dismissal was improperly overruled, for the reason that no evidence was offered to show that he was not an apprentice, and not within the age of 18 years. As above stated, proof that the defendant was an attorney at law duly admitted to practice in all of the courts of this state, and was acting as such attorney for Joseph Schwenk at the time he secured the possession of the money, which it is alleged he embezzled, is sufficient proof that he was not an apprentice. As to the question of his age, it may be said that, in addition to the fact that our statutes provide that no person shall be admitted to practice law in the courts of this state who is not 21 years of age, it appears from the record that one of the witnesses for the state testified that the defendant had been continuously engaged in the practice of his profession for several years

in the city of Omaha; that he knew the defendant as a
boy when he lived in Ellsworth, Maine; and that he, the
witness, left there in 1886, and came to Omaha, where he
had lived for 21 or 22 years at the time this prosecution
was instituted. Therefore this assignment of error is
without merit.

It is further contended that defendant's counsel were
guilty of misconduct during the trial of the case, suffi-
cient to entitle him to a new trial. The complaint is
made that the attorneys who represented the defendant
in the trial court stipulated that certain letters and cor-
respondence should be admitted in evidence. This cor-
respondence had to do largely with the collection of the
money embezzled, and was carried on between the defend-
ant and his associate counsel at Sioux Falls, South
Dakota. It cannot be denied that this correspondence,
which formed the basis for the collection of the money
afterwards embezzled by the defendant, was competent
and material evidence. It is true that it could have been
brought out through the medium of witnesses instead of
by stipulation, but we know of no rule which prohibits
counsel for one accused of crime from stipulating for the
introduction of competent evidence in this way. The
record contains no showing that either the defendant or
his counsel was misled in entering into the stipulation,
and no reason is given why they should be released from
its terms. Again, it is not shown that the substantial
rights of the defendant were prejudiced thereby, and we
are satisfied that this matter offers no substantial ground
for a reversal of the judgment herein.

Finally, it is contended that the county attorney was
guilty of misconduct in his address to the jury. It ap-
pears that no objections were made to the remarks of the
prosecuting attorney or any portion of his argument.
Hence, there was no ruling of the court had thereon. In
*Reed v. State*, 66 Neb. 184, it was said: "A party desir-
ing to take advantage of the misconduct of opposing coun-
sel in the argument of a case should seasonably object to

the remarks complained of and then enter an exception if the court rule adversely or refuse to make a ruling."

It is further claimed that the language used by the county attorney was to the effect that, while a student at a university, defendant had learned to drink and live in a riotous manner; that two witnesses called by the defendant had testified of having had trouble with .him, and insinuated that the nature of the trouble could be imagined as similar to the charge on which the defendant was on trial; and that he personally knew the defendant, and considered him a bright and capable young man, and perfectly sane. The county attorney filed an affidavit in which he disputed the truthfulness of these charges, and fully set forth the language which he used in his argument, and which showed that his remarks were based upon the evidence and the arguments of defendant's counsel. This was corroborated by the affidavit of the deputy county attorney. The matter was thus submitted to the trial court, and the finding thereon was against the contention of the defendant. It was ruled in *Cunningham v. State,* 56 Neb. 691, in *Clark v. State,* 79 Neb. 473, and in *Harris v. State,* 80 Neb. 195, that when such question is presented to the trial court by a motion for a new trial, and when upon affidavits and other evidence it is determined adversely to the defendant's contention, the judgment of the district court will not be disturbed unless it is unsupported by the evidence, and is clearly wrong.

We have thus disposed of all of the defendant's contentions, and, finding no error in the record, we are of opinion that the judgment of the district court should be affirmed.

We are asked, however, for the reason that the defendant has been unable to furnish bail, and has been confined in the jail in Douglas county since the time of his trial, to reduce or modify his sentence; and, being satisfied that the ends of justice will be attained thereby, it is ordered that the sentence and judgment of the trial court be modi-

fied to the extent that the defendant be confined in the penitentiary for the period of two years; and, as thus modified, the judgment of the district court is affirmed.

JUDGMENT ACCORDINGLY.