[No. 6009.]

## McQueary v. The People.

    1. **Evidence—Order of Proof—Evidence** incompetent when offered may be made competent by evidence contradictory thereto, subsequently presented by the other party; e. g., evidence sustaining the character of a witness, by witnesses subsequently called to assail it.—(217)

    2. **——Rape—Corroboration of Prosecutrix,** is not indispensable.—(219, 220)

    3. **Criminal Law—Assault Upon Female Under Age of Consent—Information—**An information under the statute (Laws 1895, c. 68, § 1, Laws 1905, c. 94; Rev. Stats., § 1656), for an assault upon a female child under the age of eighteen, is not made double, as charging both the statutory crime, and the common-law crime of rape, by averring the use of force.—(216)

    4. **——Evidence of Prosecutrix—**Where, as the result of the criminal act a child is born, the testimony of the prosecutrix as to the date of conception does not conclude the state.—(221)

    5. **Instructions—Nondirection,** is not error unless an instruction sound in law, and justified by the facts, is tendered. Where an instruction bad in part is presented, the court is not under duty to modify it by striking out the vicious matter.—(222)

    6. **——To be Construed as a Whole—**A proper instruction as to reasonable doubt concluded as follows: "you are not at liberty to disbelieve as jurors what you believe as men." Held that the failure to add the words "from the evidence" did not have the effect to relieve the jurors from the obligation of their oaths, nor permit them to find upon their own personal knowledge or beliefs.—(223, 224)

    But the instruction was not approved.—(225)

7. ——Reasonable Doubt—The charge as to reasonable doubt which was approved in Minich's case, 8 Colo. 454, and in Van Wyk's case, 45 Colo. 1, again commended, and the courts advised to adopt it without change.—(225)

8. Error—Questions Not Presented Below—A motion to quash an information because charging parts of two separate offenses, will not on error brought, support the contention that both a common law and statutory crime are presented.—(216)

9. ——Harmless Error—The admission of evidence which cannot have influenced the jury is harmless.—(227)

*Error to Summit District Court*—Hon. Frank W. Owers, Judge.

Messrs. Morrison & De Soto, and Messrs. Morrison & Bailey, for plaintiff in error.

Hon. W. H. Dickson, attorney general, Mr. Horace G. Phelps, deputy attorney general, Hon. John T. Barnett, attorney general, and Mr. James G. Rogers, deputy attorney general, for defendant in error.

Mr. Justice Gabbert delivered the opinion of the court:

Plaintiff in error, defendant below, was convicted of the crime of statutory rape, and sentenced to a term in the penitentiary.

The defendant is a man of mature years; the prosecutrix a girl but little more than sixteen years of age at the time the offense with which the defendant was charged and convicted was committed. She lived, and for some time had lived, in his family. According to the testimony of the prosecutrix it is not clear whether his first attempt to have intercourse with her was successful. A few weeks later, she testifies, he did succeed. She gives the date of the first assault July 7, 1905, and of the second either August 27th or 28th following. On April 3rd follow-

ing these occurrences she was delivered of a child. In support of the contention of counsel for defendant that the judgment should be reversed and a new trial ordered, numerous errors are assigned, which will be taken up in the order presented in their briefs.

The charging part of the information is to the effect that the defendant on the person of the prosecutrix, a female under the age of eighteen years, to-wit: the age of sixteen years, did forcibly and feloniously make an assault, and did then and there feloniously and forcibly ravish and carnally know her. The defendant interposed a motion to quash this information, which was denied. In their brief counsel claim the court erred in overruling the motion, for the reason that the information charged both a common-law and a statutory crime. The motion did not present this question. Paragraph 3 of the motion, which is the only one that in the remotest degree attacks the information along lines now argued, is as follows: "The charge is of parts of two certain offenses, to wit: rape and carnal knowledge of a female under eighteen years of age, and not a specific charge of all the elements of either offense." This does not raise the question now argued, because the point then relied upon, from the language employed, was that the information did not charge all the elements of either offense; and hence, for the reason often announced, that a question not raised below which may be waived, will not be considered on review, the defendant is estopped from presenting it here. But, aside from this, the information is not open to the attack made. It charges the statutory offense, and the words "forcibly" and "ravish" are surplusage, which added nothing to the charge or made it anything more than the statutory crime, whether force in committing it was employed or not.

The prosecuting witness, in response to the

question: "State what he did," said: "Well, Mr. McQueary was always sitting—trying to hug every woman that came in the house." Counsel for the defendant moved to strike this answer, which was denied. We think it should have been sustained, but it is clear, although the evidence was incomplete and immaterial, that defendant was not prejudiced. The argument of counsel is that the answer was an attack upon the moral character of the accused, or a reflection upon his continency, and therefore, might have been treated by the jury as material in establishing the offense for which he was on trial. We think this contention untenable. The objectionable answer did not charge the defendant with the commission of a crime, neither did it tend, nor could it be regarded as tending, to prove that he was guilty of the crime charged. It was of too trivial a nature to have any influence on the jury either one way or the other. The reception of incompetent and immaterial testimony which it appears was not prejudicial to the party objecting thereto, is not reversible error.

Over the objection of the defendant the prosecution was permitted in chief to introduce testimony to the effect that the reputation of the prosecutrix for truth, veracity and chastity was good, although it is claimed her character in these respects had not been attacked by the defense. If this was error, the defense is not in a position to complain. Subsequently the defendant introduced testimony upon the same points, attacking the character of the prosecutrix. Evidence should be competent at the time it is offered. Still, if rendered competent by the subsequent introduction of other evidence, this cures any error that otherwise might have existed in the admission of the evidence when first offered.—*Griffin v. State,* 76 Ala. 29; *Collins v. State,* 138 Ala. 57; *Harris v. State,* 94 S. W. (Tex.) 227.

The last case cited is directly in point, because it involved the identical question now under consideration. It was there held (quoting from the syllabus):

"Where evidence sustaining a witness's character was erroneously introduced by the state, but the testimony of witnesses for the defense subsequently introduced attacked the standing of the state's witness, the error, if any, in admitting the sustaining evidence, was harmless."

And so, in the case at bar, if it be conceded that the testimony in chief relating to the character of the prosecutrix was not competent at the time it was offered and received, the defendant, by introducing testimony attacking it, rendered the error in the first instance harmless. The issues on the character of the prosecutrix is no different from what it would have been had the testimony on that subject, when offered by the prosecution, been excluded, and after the introduction of the testimony on the part of the defense touching that question, it had been introduced in rebuttal. In such circumstances the only question is the order of proof; but that is not of sufficient moment to authorize a reversal upon the ground that the evidence of the character of the witness for the prosecution was not introduced in the usual order.

The defense requested an instruction to the effect that where the reputation of the prosecutrix for chastity had been impeached, there could be no conviction, unless her testimony was corroborated. This was refused, and an instruction given, to the effect that the jury were justified in convicting on the evidence of the prosecutrix alone, though uncorroborated, if it and all the surrounding circumstances convinced them, beyond a reasonable doubt, that the defendant was guilty. Error is assigned

upon this action, based upon the ground that the testimony of the prosecutrix, when her character has been attacked, must be corroborated in order to justify a conviction. In support of this contention, *Bueno v. People,* 1 Col. App. 232, is cited, wherein it was said: "The law does not contemplate, and seldom allows, a conviction to stand upon the unsupported testimony of the prosecutrix. It requires corroborative evidence in support of the principal fact." But this was said after a review of the evidence, from which it plainly appeared that the story of the prosecutrix was a fabrication. It was also said, in that case: "To affirm a conviction on such evidence would be to establish a dangerous precedent, and place any innocent man at the mercy of any designing, unprincipled woman." This, however, was immediately preceded by a statement to the effect that resting the decision entirely upon the case made by the prosecution, the conviction was unwarranted and should not be allowed to stand.

Notwithstanding these declarations in the opinion, the court stated, in substance, in concluding it, that it did not wish to be understood as declaring that a conviction for the crime of rape could not be sustained upon the evidence of the prosecutrix alone. No hard and fast rule can be laid down on the subject of corroboration. Each case must depend upon its own merits and surrounding circumstances. Whether the offense is statutory or the common-law crime must be taken into consideration. The prosecutrix was a young girl of such age that, by the terms of the statute under which the defendant was being prosecuted, she was incapable of consenting to sexual intercourse. Where overwhelming force is a necessary ingredient of the offense on account of the age of the victim there is a necessity for corroboration by evidence of torn clothing, bruised limbs,

and opportunity for outcry, which does not exist when she is under the age of consent. In the latter class of cases evidences of corroboration which we would expect to find when the victim was of mature years may necessarily be absent, because the offense can be committed without the use of force.

In the *Bueno case* the court had under consideration the common-law offense. In the case at bar, taking into consideration all the circumstances, including the age of the prosecutrix, it was not error to refuse the instruction requested when the court, by the instruction given, advised the jury, in effect, that a conviction could be predicated upon the testimony of the prosecutrix alone, if it and all the surrounding circumstances convinced them beyond a reasonable doubt of the defendant's guilt. It did not, as counsel contend, advise the jury that a conviction could rest upon her testimony alone. In addition, they were required to take into consideration all the circumstances. Without entering into details, it appears there were circumstances which corroborated her testimony on the subject of the principal fact.

It is also urged that the court should have cautioned the jury against the danger of convicting on the uncorroborated testimony of the prosecutrix. No such request was made by the defendant.

Testimony regarding the assaults in July and August was admitted. During the progress of the trial the people, on motion of the defendant, elected to ask for a conviction under the last assault. The defendant requested the following instruction, which was refused: "The court instructs the jury that the People have elected to stand on the assault alleged to have taken place on the 27th or 28th day of August, 1905; that this is followed by evidence of the birth of a child on the 3rd day of April, 1906; that the only evidence as to the maturity of the child is

that it was a full-term child, and the jury must believe, before they can convict from the evidence, beyond the reach of a reasonable doubt, that such child was the result of the alleged assault of the 27th or 28th of August, 1905.''

The first part of the instruction was correct, but this was covered by one given by the court. The remainder of the instruction was purely argumentative, and was rightly refused. The prosecutrix was not a party to the proceeding. She was merely a witness. The people were not bound by her statement that she conceived as the result of the assault which she said occurred August 27th or 28th. That a child was born April 3rd following, which would be within much less than the usual period of gestation, was proper as an argument of counsel to the jury, tending to contradict her statements; but aside from this, she had testified to facts from which it appeared she might have become pregnant from an assault committed by the defendant July 7th. If such was the case, the period of gestation was not exceptionally abnormal, and hence, in these circumstances it would have been erroneous to have given the instruction requested.

Independent of these considerations, the instruction was clearly wrong. The birth of the child was not material. It formed no part of the case for the people. It made no difference whether conception resulted from the assault of July 7th or that of August 27th or 28th, or whether such result followed at all. The question for the jury was, did the defendant have intercourse with the prosecutrix on or about August 27th or 28th, 1905, and was she then under the age of eighteen years? If the testimony established the affirmative of this question beyond a reasonable doubt, it was the duty of the jury to convict. In determining this question it was the

province of the jury to consider all the testimony in the case, including that relating to the birth of the child; but that was a question to be presented to the jury in the way of argument by counsel, and not by an argumentative instruction by the court. This conclusion renders it unnecessary to consider the next error assigned on an instruction given, to the effect that the paternity of the child was not a material issue in the case, and that they were only to determine from the evidence whether the defendant had intercourse with the prosecutrix on or about the 27th day of August, 1905, and whether she was under the age of eighteen years at that time.

In the reply brief of counsel for the defendant it is urged that the instruction given by the court fixing the date of the assault upon which the prosecution had elected to stand was not sufficiently definite because it used the words "on or about the 27th day of August." If counsel desired a more definite instruction on this point, it should have been requested, but requesting it as part of an instruction which the court rightly refused as a whole was not sufficient. Mere nondirection is not ground for reversal unless an instruction good in law and justified by the facts is tendered and refused; and where an instruction is partly good and partly bad, it must be refused as a whole, and the court is not required to sift out the good from that which is bad.

By instruction No. 7 the court instructed the jury as follows: "The defendant is presumed to be innocent until proven guilty beyond a reasonable doubt, and that presumption follows him throughout the entire case. A reasonable doubt is a substantial doubt, based on reason and induced by the facts and circumstances attending the particular case growing out of the testimony and leaving one's mind, after a careful examination of all the evidence, in such a

condition that he cannot say that he has an abiding conviction to a moral certainty of accused's guilt." This was followed by an instruction to the effect that a juror is not allowed to create a doubt by resorting to trivial and fanciful suppositions and remote conjecture as to a possible state of facts different from that established by the evidence. Immediately following this the instruction concludes as follows: "You are not at liberty to disbelieve, as jurors, if you believe as men. Your oath imposes on you no obligation to doubt where no doubt would exist if no oath had been administered." It is urged that this paragraph is erroneous for the reason that its effect is to relieve the jury from the obligation of their oath, and permits them to return a verdict of guilty based upon their belief as men, that the accused is guilty, without regard to the evidence.

In *Perry v. People,* 38 Colo. 23, a sentence in an instruction very similar to the part of No. 8 under consideration, was sustained. It appears to be conceded that if the first sentence of the paragraph had contained the words "from the evidence," immediately preceding "you believe as men," so it would have read: "You are not at liberty to disbelieve as jurors, if from the evidence you believe as men," it would not be so objectionable, or at least, it would find support in cases where similar or identical paragraphs in instructions have been considered. The jury were advised that a reasonable doubt is a substantial one, induced by the facts growing out of the testimony, from which one's mind is left in such a condition after a careful examination of all the evidence, that he cannot say he has an abiding conviction to a moral certainty of the guilt of the accused.

The jury were further advised that they were not at liberty to create a doubt "by resorting to trivial and fanciful suppositions and remote conjec-

tures as to possible states of facts different from that established by the evidence.'' It thus appears that the jury were informed that the question of reasonable doubt was to be determined from the evidence, and from that source only. The insertion of ''from the evidence'' in the sentence in the place indicated, would not have made this any more clear. The jury knew from their oath that they were to render a verdict according to the evidence and the law, as given them by the court. It was not necessary to repeat in every instruction what their duty was on a given point after they had properly been instructed thereon; and it appears that they must have understood it, and were to be controlled thereby, in considering a part of the same instruction on the same question.

The next question is, does the instruction relieve the jury from the obligation of their oath? We think not. One selected and sworn as a juror does not become an artificial being. He is still a man, and in the discharge of his duties should act as such by exercising his reason, intelligence and common sense; and so, if he believes as a man, he should believe as a juror, and *vice versa;* for his oath does not impose upon him any obligation to believe or disbelieve as a juror any differently from what he would believe or disbelieve as a man, but in reaching a conclusion he cannot convict unless, from the evidence, he is convinced beyond a reasonable doubt, of the guilt of the accused. Such is the purport of the instruction considered as a whole, and in connection with the one preceding, and has been sustained in the following cases: *Fife v. Commonwealth,* 29 Pa. St. 429; *Nevling v. Commonwealth,* 98 Pa. St. 322; *McMeen v. Commonwealth,* 114 Pa. St. 300; *Clark v. Commonwealth,* 123 Pa. St. 555; *Spies v. People,* 122 Ill. 1; *Watt v. People,* 126 Ill. 9; *People v. Whitney,* 53 Cal. 420.

In sustaining the instruction, however, we do not wish to be understood as commending it. On the contrary, we regard it as useless, because it conveys no information which men of ordinary intelligence do not already possess, and is subject to the criticism made by the supreme court of California, in *People v. Whitney, supra,* wherein it was said, in speaking of a similar instruction: "It is not to be presumed that jurors would, from the charge of the court, the arguments of counsel, or anything transpiring at the trial, entertain the idea that in becoming jurors they had ceased to be men, or had acquired any new capacity by which they might test the truth of evidence. It was, therefore, as unnecessary to instruct them that a juror has no right to disbelieve the evidence as a juror while he believes it as a man, as it would have been to charge them that in becoming jurors they had not lost the capacity which they possessed as men to distinguish truth from falsehood or mistake."

We have had occasion several times to call the attention of district attorneys and trial judges to the advisability of following an approved instruction on the subject of reasonable doubt, as approved in *Minich v. The People,* 8 Colo. 454, for the reason that this is the safe practice and obviates the necessity of a consideration of instructions on the subject differently worded.—*Boykin v. The People,* 22 Colo. 496; *Van Wyk v. The People,* 45 Colo. 1.

We deem it proper here to repeat what was said by Chief Justice Steele, in the *Van Wyk case,* in referring to the instruction on reasonable doubt in the *Minich case:* "The instruction there approved appears to us now to be sufficiently comprehensive, and we suggest that efforts at its modification or enlargement only consume the time of court and

(15)

counsel, and we again recommend its use without change.''

In speaking of the term ''reasonable doubt,'' it was long since said, in *Commonwealth v. Webster*, 5 Cush. 295: ''It is a term often used, probably pretty well understood, but not easily defined.'' What was said then is equally true now, and demonstrates the necessity of adhering to approved definitions of a term.

The record does not disclose any reversible error, and the judgment of the district court is, therefore, affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.

Rehearing denied July 5, A. D. 1910.