(June 30, 1917.)

MURIEL HARGIS, an Infant, by BURGESS HARGIS, His Guardian ad Litem, Appellant, v. AUGUST PAULSEN et al., Copartners, Doing Business Under the Firm Name and Style of HERCULES MINING COMPANY, Respondents.

[166 Pac. 264.]

INSUFFICIENCY OF EVIDENCE—MOTION FOR NONSUIT—WHEN GRANTED.

1.  Where the evidence is so uncertain as to leave it equally clear and probable that the injury may have been caused by any one of several parties, and there is a total absence of proof that the injury was the result of the negligence or carelessness of the defendant, then a verdict would be pure speculation and could not be sustained and it would be the duty of the trial court to grant a nonsuit.

2.  *Held,* that the trial court did not err in granting respondent's motion for a nonsuit, an examination of the record disclosing the

fact that there was no evidence upon which a verdict for appellant could be sustained.

[As to mere scintilla of evidence as sufficient to justify submission of case to jury, see note in **Ann. Cas.** 1914B, 472.]

APPEAL from the District Court of the First Judicial District, for Shoshone County.    Hon. W. W. Woods, Judge.

Action for damages for personal injuries.    Motion for nonsuit granted.    *Affirmed.*

John P. Gray, and Therrett Towles, for Appellant.

A case was made out for the jury and the defendants are liable under the evidence.    (*Akin v. Bradley Engineering & Mach. Co.,* 48 Wash. 97, 92 Pac. 903, 14 L. R. A., N. S., 586; *Davis v. Wenatchee,* 86 Wash. 13, 149 Pac. 337; *Mathis v. Granger Brick & Tile Co.,* 85 Wash. 634, 149 Pac. 3; *Crabb v. Wilkins,* 59 Wash. 302, 109 Pac. 807; *Pittsburgh C. & St. L. R. Co. v. Shields,* 47 Ohio St. 387, 21 Am. St. 840, 24 N. E. 658, 8 L. R. A. 464.)

One who maintains dangerous instrumentalities or appliances on his premises of a character likely to attract children in play, or permits dangerous conditions to remain thereon with the knowledge that children are in the habit of resorting thereto for amusement, is liable to a child *non sui juris* who is injured therefrom even though a trespasser. (*Mattson v. Minnesota & N. W. R. Co.,* 95 Minn. 477, 111 Am. St. 483, 5 Ann. Cas. 498, 104 N. W. 443, 70 L. R. A. 503.)

C. W. Beale and John Wourms, for Respondents.

"Evidence that leaves the jury to roam at will in the field of conjecture and speculation to find a verdict can no more be tolerated by courts of justice than a judgment without any evidence." (*Bowen v. Illinois Cent. R. Co.,* 136 Fed. 306, 69 C. C. A. 444, 40 L. R. A. 915; *Holt v. Spokane etc. Ry. Co.,* 4 Ida. 443, 40 Pac. 56; *Sherman v. Menominee River Lumber Co.,* 77 Wis. 14, 22, 45 N. W. 1079.)

The plaintiff has not brought himself within the rule as laid down by any of the decisions cited in his brief upon the question of explosives. In the following cases recovery was not permitted where the defendants had been connected affirmatively with the instrumentality causing the injuries, a condition entirely wanting in the case at bar. (*Obertoni v. Boston & M. R. R.*, 186 Mass. 481, 71 N. E. 980, 67 L. R. A. 422; *Afflick v. Bates*, 21 R. I. 281, 79 Am. St. 801, 43 Atl. 539; *Hughes v. Boston & M. R. R.*, 71 N. H. 279, 83 Am. St. 518, 51 Atl. 1070.).

BUDGE, C. J.—This is an action for damages for personal injuries alleged to have been sustained by the appellant through the negligence of the respondents. The case was tried by the court and a jury. At the close of the appellant's evidence respondents made a motion for a nonsuit, on the ground that appellant had failed to make out a sufficient case for the jury, for the reason that there was no proof connecting respondents with the alleged acts of negligence which caused the injury. The trial court sustained the motion and rendered judgment, dismissing the action. This appeal is from the judgment.

Appellant's brief contains six separate assignments of error. We will confine our discussion to assignments Nos. 5 and 6, as the view we have taken of the case renders it unnecessary to express an opinion on the first four assignments. Assignments Nos. 5 and 6, are as follows:

"V. The court erred in granting the motion of the defendants for a nonsuit.

"VI. The court erred in entering a judgment of dismissal of said action."

It will be seen that these two assignments involve but one point, that is, whether or not appellant made out such a case as would entitle him to have it submitted to the jury.

The facts elicited upon the trial and upon which appellant relies are as follows: On August 16, 1913, Eldon Hargis, eight years of age, in company with his two little brothers, Fred aged five and appellant aged three, started from their

home afoot to meet their father, Burgess Hargis, in whose name this action was brought, and who was then in the employ of the respondents in their mine. They were overtaken by a Mr. Spekker and rode up the hill along the public road, in the direction of the mine, on his wagon. At a point along the road by the Hercules property, Eldon saw some primers, made by attaching a piece of fuse to a dynamite cap, lying at the side of the road by a rock, a short distance from the wheel-track. Shortly thereafter the children came back and Eldon picked up the primers and he and his two little brothers took them down to a property, known as the lower Stanley, where Eldon lighted the fuse on one of them with a candle; the cap exploded, and as a result of the explosion appellant lost one eye and sustained some injury to the other one.

The evidence shows that the road in question was a public road, and while it appears that respondents made more use of it than anyone else, it also appears that it was used by a number of other miners and prospectors, who transported over said road supplies, useful for mining purposes, such as fuse, caps, powder, coal, steel, etc. There is no evidence that respondents had been using primers or doing any blasting in the immediate vicinity where the primers in question were found, nor that they had ever been negligent or careless in the use of such explosives. The strongest inference that can be deduced from any of the evidence is that the primers were probably accidentally dropped by someone. There is nothing in the record which tends to throw any light upon who was responsible for having left the primers where they were found. So far as it is made to appear by the evidence, they might have been left there by any one of a dozen or more different parties.

The theory of appellant is that he has made a *prima facie* case against the respondents by process of elimination, and he contends that he has shown that the primers could not have been left upon the public highway, where found, by any person or persons other than the respondents, and that it therefore follows necessarily that the primers were left upon the highway by the respondents, their agents or employees. This

conclusion is not borne out by the record; so far as the evidence discloses it operates as effectively to eliminate the respondents as it does to eliminate any other user of the public highway in question.

While it is true, as was said by this court in *Culver v. Kehl,* 21 Ida. 595–597, 123 Pac. 301: "It is now the well-settled rule in this state that on a motion by the defendant for a nonsuit where the plaintiff has introduced his evidence and rested his case, the defendant must be deemed to have admitted all the facts of which there is any evidence and all the facts which the evidence tends to prove, and that the evidence must be interpreted most strongly against the defendant," still, after indulging in all presumptions which follow from this rule, such facts must make a *prima facie* showing of negligence in order to entitle plaintiff to recover. (*Adams v. Bunker Hill etc. Mining Co.,* 12 Ida. 643–650, 89 Pac. 624, 11 L. R. A., N. S., 844.) In the latter case the court used the following language, which is particularly applicable to the facts in the case at bar:

"It must be readily admitted that where the evidence in a case of this kind is so uncertain as to leave it equally clear and probable that the injury resulted from any one of 'half a dozen causes' then a verdict would be pure speculation, and could not be sustained. . . . . " (See, also, *Holt v. Spokane etc. Ry. Co.,* 4 Ida. 443, 40 Pac. 56.)

The record shows that the trial court summed up the case with accuracy, when in ruling upon the motion, the court said: "If there were any evidence here that the Hercules or its employees left the primers there on the public road I should not hesitate to deny this motion. I cannot myself guess, and shall not ask the jury to guess on it."

From a very careful examination of the record, we have reached the conclusion that in this case a *prima facie* showing of negligence against respondents was not made. There is no evidence upon which a verdict could be sustained. The judgment is, therefore, affirmed. Costs awarded to respondents.

Morgan and Rice, JJ., concur.