[Civ. No. 728. Fourth Appellate District.—May 16, 1932.]

EARL SHAMLIAN, a Minor, etc., et al., Respondents, v.
T. A. MINARDI, Appellant.

Lasher B. Gallagher and A. P. G. Steffes for Appellant.

Farnsworth, Burke & Maddox, Gallaher & Ozias and
James K. Abercrombie for Respondents.

SCOVEL, J., *pro tem.*—On December 14, 1926, a collision occurred at an intersection of public highways in Fresno County between a truck driven by defendant and appellant T. A. Minardi and a Model T Ford automobile driven by A. T. Shamlian. Shamlian was driving north on a paved highway and Minardi was driving east on a dirt road intersecting the highway. Shamlian was killed as a result of the collision, and this action was brought by his heirs at law for damages occasioned by his death. Judgment was entered in favor of plaintiffs in the lower court and from this judgment defendant appeals. The trial court found that appellant negligently and recklessly drove and operated his truck on approaching and driving into the intersection of the road and highway and that by reason thereof his truck collided with the automobile of decedent, thereby causing his death. Appellant attacks this finding of the trial court as not supported by the evidence.

Section 131 of the California Vehicle Act, as amended in 1925 (Stats. 1925, p. 412), subdivision (a), which was in effect at the date of the collision, provided as follows: ''When two vehicles approach an intersection of public highways at approximately the same time the vehicle approaching from the right shall have the right of way, provided such vehicle is traveling at a lawful speed.''

 Therefore deceased, being on appellant's right, was entitled to the right of way through the intersection if the two vehicles approached the intersection at approximately the same time and if deceased was traveling at a lawful rate of speed. Ozanna S. Shamlian, wife of decedent and a passenger in his automobile at the time of the collision, testified as follows:

''Q. Did you notice anything about the speed of the car (referring to the Ford) as you came up close to this intersection?

''A. He was slowing it down. . . .

''Q. Mrs. Shamlian, you have testified that the car was slowing down as you approached and got close to this intersection. State what, in your best recollection, was the speed of that car that you were in, as it went into and started across that intersecting road? What was the speed you were traveling at?

"A. 15 miles."

Appellant Minardi testified regarding the speed of his truck as follows:

"Q. And you say you were going 12 to 15 miles an hour?

"A. Just about between 12 and 15 miles an hour. I didn't have my eyes right down on the speedometer all the time.

"Q. That is your best recollection?

"A. Yes, sir.

"Q. And at that rate of speed, approximately, you came on directly east into the intersection and onto the pavement?

"A. Yes, sir."

In regard to the point within the intersection where the collision occurred, appellant testified that the front wheels of the truck were about three or four feet past the center of the intersection immediately before the collision and that the left end of the bumper of the truck struck the left rear wheel of the Ford. Defendant's exhibit "A", a map delineating the street and road at and near the point of collision shows the intersection to be almost a perfect square. In order for the left end of the bumper of the truck to have struck the left rear wheel of the Ford, the Ford must of necessity have crossed the path of the truck prior to the collision.

The word "approximately", as used in the cited section of the California Vehicle Act, has been defined in *Hoffman* v. *McNamara*, 102 Cal. App. 280, 285 [282 Pac. 990, 991], as "about or nearly; it is the opposite of precisely or exactly. A vehicle may approach an intersection at 'approximately the same time' as another if it approaches slightly before or slightly after the other." Both vehicles traveling at approximately the same rate of speed and colliding near the center of the intersection, it is quite evident that both cars approached the intersection at approximately the same time, within the foregoing definition. The Ford being driven by decedent at a lawful rate of speed therefore had the right of way and it was negligence for appellant to attempt to proceed through the intersection. (*Swartz* v. *Feddershon*, 92 Cal. App. 285 [268 Pac. 430]; *Howard* v. *Worthington*, 50 Cal. App. 556 [195 Pac. 709].)

■ The foregoing quotation of the evidence also disposes of appellant's contention that decedent was guilty of contributory negligence. Approaching the intersection from appellant's right and at a speed not exceeding 15 miles an hour, decedent had the right of way and was entitled to proceed on through the intersection.

Appellant strenuously insists that excessive speed on the part of the deceased is shown by the testimony that the Ford, after the collision, traveled a distance of 129 feet and turned over thereafter. Such an inference is perhaps not unreasonable. It is also quite possible, however, that the deceased, seeing a collision inevitable, pulled down the gas lever on the Ford, in order to avoid a collision; that additional power was thereby given the Ford, increasing its speed immediately after the accident and permitting it to travel the distance traversed before striking the bank and turning over. The trial court apparently took this view, and under the circumstances we are not inclined to disturb its finding.

We are not unmindful that certain witnesses produced by appellant testified as to excessive speed on the part of deceased. Witness Balkovic testified that appellant was traveling about 15 miles an hour and that when his truck was 39 feet from the center of the intersection decedent's Ford was at the 15-mile sign to the south. Defendant's exhibit ''A'' shows this sign to be 250 feet from the center of the intersection. A slight mathematical calculation would thereby fix the speed of decedent's Ford at 90 miles per hour. Witness Law testified that at the time of the collision he was approximately 1,000 feet south of the intersection; that appellant's truck entered the intersection at 15 miles an hour and that deceased's Ford was traveling at approximately 35 miles an hour when entering the intersection. Whether or not witness Balkovic's testimony was more than a guess, and the weight to be given the testimony of witness Law, whose view of the scene was from a distance of 1,000 feet to the south thereof, were matters entirely for the trial court. The most that can be said is that the testimony of appellant and his witnesses created a conflict in the evidence and the trial court having resolved the conflict in favor of respondents we are not at

liberty to disregard its findings, even though a contrary finding might also have found some support in the evidence.

The judgment is affirmed.

Marks, Acting P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 15, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 14, 1932.