437 P.2d 355

Harry E. DREYER and Sylvia S. Dreyer, Individually and as Natural Parents of Leslie Dreyer, a minor, Deceased, Plaintiffs-Appellants,

v.

ZERO REFRIGERATION LINES, INC., a corporation, J. D. Thompson and B. C. P. Corporation, a corporation, Defendants-Respondents.

No. 10032.

Supreme Court of Idaho.

Feb. 16, 1968.

Coughlan & Imhoff, Boise, for appellants.

Marcus, Leggat & Marcus, Boise, for respondents.

McQUADE, Justice.

This is a personal injury action arising out of an automobile accident. The only question presented, in our view of this appeal, is whether the record contains sufficient evidence to require upholding a jury verdict that some negligence of respondent J. D. Thompson was a proximate cause of injuries sustained by appellant Sylvia S. Dreyer in that accident.

On special interrogatories, the jury found negligence by the driver of the automobile in which Sylvia S. had been riding was a proximate cause of her injuries. This driver was Leslie Dreyer, adopted son of appellants Sylvia S. and Harry E. Dreyer. From this jury determination, and verdict and judgment entered thereon, there has been no appeal.[1] Leslie's negligence, however, was not imputed to his mother.

1. See Clark v. Foster, 87 Idaho 134, 391 P.2d 853 (1964).

The jury further found negligent operation of a truck by respondent Thompson had also been a proximate cause of appellant Sylvia S. Dreyer's injuries, and found total damages at $4,000.00, which coincidentally was the amount sought for out-of-pocket medical and kindred expenses to date of trial (also asked in the complaint were $75,000.00 for pain and suffering and $10,-000.00 for anticipated future medical expenses).

Respondents moved for judgment notwithstanding the verdict [2] entered on this finding. The district court granted this motion on the "sole ground" of appellants' failure "to establish that [respondent] J. D. Thompson was negligent or that any negligence of his was a proximate cause of the collision [in which Mrs. Dreyer suffered her injuries]."

After scrutinizing the record, favoring appellants with every benefit of reasonable doubt concering facts and inferences drawn from those facts,[3] we have decided the district judge was not in error and so we affirm.

The collision occurred about daybreak, shortly after 6:00 a. m., February 7, 1962, on Highway 25 approximately four and one-half miles west of Wendell, Idaho. Respondent Thompson was driving a cab-over-engine Kenworth tractor pulling a thirty-eight foot trailer with a total load of about 70,000 pounds. The tractor-trailer belonged to respondent B. C. P. Corporation; respondent Thompson was driving as agent for his employer, respondent Zero Refrigeration Lines, Inc. Leslie Dreyer, seventeen-year-old adopted son of appellants Sylvia S. and Harry E. Dreyer, was driving a 1954 Ford sedan, with his mother, Sylvia S., sitting beside him in the right-front seat. As a result of the collision, Sylvia S. was injured and Leslie died soon afterwards.

The road was straight in the vicinity of the accident. The roadway surface was icy-slick. The tractor-trailer was proceeding easterly and the Ford westerly. The Ford's right-front fender collided with the right side of the tractor cab, ten to twelve feet from the tractor's front bumper.

The highway point of collision was located somewhere in respondent Thompson's lane, but the exact placement was a matter of controversy. From road marks and debris, including gouge marks where the Ford's undercarriage had been forced into the roadway, investigating officers fixed the place of collision at eleven feet and six inches into respondent Thompson's lane of traffic. Relying solely on a spot of fluid in the roadway which he considered had leaked from one of the vehicles, appellant Harry E. Dreyer placed the collision about a foot and one-half into respondent Thompson's lane of traffic. Harry E. testified:

"* * * So far as the impact, there is no telling exactly where it was on the highway except about eighteen inches in the truck's lane, but there is no scratches or anything. The only thing was the water in the radiator and battery."

The tractor-trailer's automatic braking mechanism locked on impact, and the tractor-trailer skidded to a point 167 to 261 feet coming to rest in a jack-knifed position (cab almost at right angle from trailer) completely in the other (westerly bound) lane.

Concerning speed, appellant Sylvia S. Dreyer testified the Ford was proceeding at twenty-five m. p. h. about the time of the accident. Due to amnesia, however, she could not remember the circumstances immediate to the accident itself.

Respondent Thompson testified his tractor-trailer was driving thirty to thirty-five m. p. h. just before the accident. However, appellant Harry E. Dreyer, who was driving another vehicle ahead of the Ford, testified:

"I suppose I had noticed it [the tractor-trailer] at least a half mile down the road. I saw the lights coming. I could tell by

2. Idaho R.Civ.P. 50(b).

3. See Loosli v. Bollinger, 90 Idaho 464, 413 P.2d 684 (1966).

the lay of the ground that he was traveling quite fast and when he went by me there was a swish, a gust of wind. I suppose they were driving about fifty miles an hour.

\* \* \* \* \* \*

"Q And you fix that [tractor-trailer's speed] at what?

"A Right at 50 miles an hour, I guess."

Nevertheless, appellant Sylvia S. Dreyer testified:

"A Yes, we*re* were meeting cars and trucks along there as we traveled.

"Q Was their speed at about the same as yours?

"A Yes, sir."

Appellant Harry E. Dreyer also testified the tractor-trailer suddenly had switched on its bright lights (or a spotlight) about thirty feet before it passed Harry's vehicle. This temporarily blinded him, Harry said. Respondent Thompson testified the truck had no spotlight and its lights were then on dim.

Concerning the actual collision, there were no eye witnesses except the persons physically involved. Of these, only respondent Thompson could testify, for Leslie Dreyer died soon afterwards and appellant Sylvia S. Dreyer had amnesia. However, it should be mentioned that appellant Harry E. Dreyer testified the tractor-trailer was proceeding straight in its lane of traffic when it passed Harry's vehicle.

Respondent Thompson described the collision as follows: he first observed the Ford starting to come into his lane of traffic when the vehicles were approximately two hundred to two hundred and twenty-five yards apart; Thompson "checked" the tractor-trailer's speed "some" by slowing its motor immediately upon seeing the Ford "drift into" Thompson's lane of traffic; the tractor-trailer did not skid, but merely slowed; then, Thompson testified:

"A Well, he came into my lane. I gave way to the right, but there was a bridge there, and when he came on over further I could see there was no way to avoid him. I attempted to turn to my left, but it was slight. There was a slight angle, but I thought he had went on, the way he was sliding, but he struck the rear portion of my truck—not the trailer, but the tractor."

On cross-examination of respondent Thompson appellants tried to show he did not have proper control of the tractor-trailer just prior to the accident. However, respondent Thompson insisted he did have control, and at most the evidence shows that had road conditions been perfect, Thompson may have been able to have applied his brake full and have avoided the collision.

Respondent Thompson's account is the only direct evidence concerning how the accident occurred.

 In an action for damages allegedly resulting from negligence, the plaintiff has the burden of proof on the separate issues of negligence [4] and whether that negligence proximately caused the damages.[5] Plaintiff also must come forward with competent evidence sufficient to permit a reasonable man to find in accord with plaintiff's position on both issues,[6] and if plaintiff fails to establish such a prima facie case, the trial court must order the action dismissed or on motion grant a directed verdict or judgment non obstante veredicto.

 Reviewing the record in the present action, accepting as true appellants' evidence

4. E. g. Matheson v. Idaho Hardware & Plumbing Co., 75 Idaho 171, 270 P.2d 841 (1954); Splinter v. City of Nampa, 74 Idaho 1, 256 P.2d 215 (1953).

5. E. g. Antler v. Cox, 27 Idaho 517, 149 P. 731 (1915); Matheson v. Idaho Hardware & Plumbing Co., supra n. 4. Cf. Dent v. Hardware Mutual Casualty Co., 86 Idaho 427, 388 P.2d 89 (1964); Ten-

doy v. West, 51 Idaho 679, 9 P.2d 1026 (1932).

6. Hargis v. Paulsen, 30 Idaho 571, 166 P. 264 (1917); Dent v. Hardware Mutual Casualty Co., supra n. 5; Splinter v. City of Nampa, supra n. 4; McMaster v. Warner, 44 Idaho 544, 258 P. 547 (1927).

and favorable inferences which might legitimately be drawn therefrom, we find, nevertheless, the evidence has not reached that level of probability which would permit a reasonable man to determine negligence of respondent Thompson was a proximate cause of the collision and resulting injuries.

The only evidence suggestive of possible negligence by respondent Thompson which may have proximately caused the collision and resulting damages, concerned speed, bright lights and lack of control.

Regarding speed, looking only to appellant Harry E. Dreyer's testimony, all that Dreyer said was he "supposed" or "guessed" respondent Thompson had been traveling fifty m. p. h. There was no direct evidence that such speed under the circumstances was imprudent.[7] In fact, even the basic speed limit for that road was not shown.

But perhaps even more important, had there been sufficient competent evidence of negligent speed, still there was no proof from which a reasonable jury might infer proximate cause. Only respondent Thompson was able to testify about the collision itself. He said he had slowed the truck and had maneuvered as well as he could to avoid the accident. The only testimony remotely suggestive of any negligence which could have been a proximate cause was his statement on cross-examination that he "guessed" he might have been able to have avoided the collision by immediate full braking had road conditions been perfect.

The collision happened somewhere in respondent Thompson's lane of travel. Most favorably for appellants, the Ford's *right*-front fender was then eighteen inches into the wrong lane. Impermissibly speculative is appellants' unsupported contention that the tractor-trailer may have veered towards the Ford's lane as the vehicles approached thereby forcing the Ford for self protection into the wrong lane

"Ordinarily a motorist may assume that the other travelers will obey the rules of the road."[8] The evidence in the present action is not sufficient to permit a reasonable jury to find negligent speed by respondent Thompson proximately caused the collision and resulting damages.

Concerning bright lights, most favorably to appellants there is evidence that respondent Thompson had illuminated them thirty feet before passing appellant Harry E. Dreyer's vehicle. Whether this would have been negligent *as to Leslie Dreyer,* however, is purely a matter for conjecture. For the distance which Leslie's Ford was then behind Harry's vehicle was not clearly established. The only evidence on this point was testimony by appellants Sylvia S. and Harry E. Dreyer. On deposition, Sylvia S. had placed the distance "probably close to half a mile." However, on trial she qualified her deposition statement by saying: "I didn't really know because it was in the dark." She also testified: "I couldn't really be definite because it was dark. It was at least two blocks." Harry E. was also uncertain. He said:

"I tried to keep about two blocks ahead of them, and the first I noticed was the lights in my rear view mirror on the side of the road, and I started walking back. * * * I might have been three or four blocks ahead of them.

\* \* \* \* \* \*

"As near as I could tell, I would say about a block and a half or two."

The word "block" was not defined.

Nevertheless, assuming respondent Thompson negligently shined bright lights toward Leslie Dreyer, without more this would not be a reasonable basis for inferring proximate cause considering the straight roadway and Leslie's twenty-five m. p. h. speed.

---

7. See I.C. § 49–701.

8. Drury v. Palmer, 84 Idaho 558, 565, 375 P.2d 125, 129 (1962). Accord, Jones v. Talbot, 87 Idaho 498, 394 P.2d 316

(1964); Foster v. Thomas, 85 Idaho 565, 382 P.2d 792 (1963); Coughran v. Hickox, 82 Idaho 18, 348 P.2d 724 (1960). See also, Colwell v. Bothwell, 60 Idaho 107, 89 P.2d 193 (1939).

Concerning lack of control, the evidence is inadequate to permit a reasonable man to find respondent Thompson did not have sufficient control of the tractor-trailer.

The evidence when considered most favorably to appellants is insufficient to support a judgment for appellants based on the separate issues of negligence and proximate cause. The district court thus properly entered judgment notwithstanding the verdict for appellants.

Judgment affirmed. Costs to respondents.

TAYLOR, C. J., and SMITH, McFAD-DEN, and SPEAR, JJ., concur.