507 P.2d 804

Rodney Derryl DAWSON et al., Plaintiffs
and Appellants,

v.

Ronald T. OLSON, Defendant and
Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE IN-
SURANCE COMPANY, Intervenor
and Respondent.

No. 11143.

Supreme Court of Idaho.

March 9, 1973.

Richard B. Kading, Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for appellants.

Karl Jeppesen, Elam, Burke, Jeppesen, Evans & Boyd, Kent B. Power, Boise, for respondents.

McQUADE, Justice.

On the evening of January 12, 1968, a pickup truck driven by Hazel Dawson, who was accompanied by her husband, Nathaniel Dawson, was struck by a vehicle driven by Ronald Olson. The accident occurred on the northeast edge of Caldwell soon after Mrs. Dawson turned from Interstate Highway 80 and stopped behind a semi-trailer truck parked on the exit ramp leading to an intersection with Franklin Road. Mrs. Dawson followed the semi-trailer truck onto Franklin Road. As Mrs. Dawson entered the intersection her car was struck by the Olson vehicle. The evidence showed a failure to stop at the stop sign or stop line by Mrs. Dawson and speeding by Olson. Mr. and Mrs. Dawson and two passengers in the Olson car died as a result of the accident.

The Dawson heirs brought a wrongful death action against Olson, and State Farm Mutual Automobile Insurance Company intervened due to its interest as the Dawsons' insurer under a policy containing uninsured motorist coverage. A jury trial resulted in a verdict for the Dawson heirs with damages awarded in the amount of $75,000. Defendant and intervenor moved for a judgment n. o. v. or for a new trial and the Dawson heirs moved to compel the intervenor to pay attorney fees. The district court granted the judgment n. o. v. and denied the motion for attorney fees.

The case was appealed to this Court which in Dawson v. Olson[1] vacated the order granting judgment n. o. v. and remanded the case for the district court to rule on the motion for a new trial.

On remand the district court granted the motion for new trial on the ground specified in the amended motion, paragraph 6. Paragraph 6 stated: "That instruction no. 26 given by the court is in error and is contrary to law." Instruction no. 26 provided: "You are instructed that the driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have."

The Dawson heirs are now appealing the order granting a new trial. The only assignment of error states that: "The Court erred in granting the motion for a new trial made by Ronald T. Olson and State Farm Mutual Automobile Insurance Company." Two questions must be answered by this Court: (1) Was instruction no. 26 contrary to the law? and (2) If instruction no. 26 was contrary to the law, was it prejudicial enough to merit the trial court granting a new trial?

Appellants argue that instruction no. 26 was proper, relying on the Idaho cases of Coughran v. Hickox,[2] Kidd v. Gardner Associated, Inc.,[3] Drury v. Palmer,[4] and Stallinger v. Johnson.[5] As noted *supra,* instruction no. 26 stated that the driver of a vehicle traveling at an unlawful speed forfeits his right of way. The *Coughran, Kidd* and *Drury* cases can all be distinguished from the present case since they did not involve a marked intersection between a street and a through highway, but rather involved unmarked intersections. This factual variance is stated in the case of Sanders v. Hamilton.[6] *Sanders* involved a collision at an unmarked intersection between a street and a through highway. This Court stated as follows in *Sanders:*

"Throughout the brief and argument, appellant has cited and referred to the case of Coughran v. Hickox, 82 Idaho 18, 348 P.2d 724 (1960), as governing the rights of the respective parties upon approaching an intersection. The Coughran case, unlike the instant one, dealt with an intersection between two highways, neither of which were through highways, and neither of which were marked with 'stop' signs. The facts and discussion as to the law applicable in the Coughran v. Hickox case are not applicable here where the intersection was between a street and a through highway."[7]

The case of Stallinger v. Johnson is factually similar to the present case. In *Stallinger* the accident occurred at an intersection between a through highway and a street marked with a "stop" sign. The Court in that decision held an instruction similar to instruction no. 26 in the present case to be valid. The Court in *Stallinger* stated:

"Furthermore, the trial court followed the statute in instructing the jury that 'the driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have,' * * *."

1. Dawson v. Olson, 94 Idaho 636, 496 P. 2d 97 (1972).

2. 82 Idaho 18, 348 P.2d 724 (1960).

3. 92 Idaho 548, 447 P.2d 414 (1968).

4. 84 Idaho 558, 375 P.2d 125 (1962).

5. 65 Idaho 101, 139 P.2d 460 (1943).

6. 91 Idaho 225, 419 P.2d 667 (1966).

7. *Id.,* 91 Idaho at 228, 419 P.2d at 670.

The statute referred to in *Stallinger* was § 48–518 I.C.A. which stated in pertinent part:

"When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right except as otherwise provided in section 48–519. The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

Since the statute dealt with open intersection right of way, its application to an accident at an intersection between a through highway and a street marked with a "stop" sign is highly questionable. However, *Stallinger* is not applicable, since it upheld the pertinent instruction on the basis of a statute which is no longer in force in Idaho.

I.C. § 49–727 governed intersection right of way in Idaho at the time of this accident. That statute, which was amended slightly in 1969,[8] then read:

"(a) The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.

(b) When two (2) vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.

(c) The right of way rules declared in paragraphs (a) and (b) are modified at through highways and otherwise as hereinafter stated in this article."

The words "this article" refer to I.C. §§ 49–727 through 49–731. I.C. § 49–729, which deals with vehicles entering stop or yield intersections, states in pertinent part the following:

"Except when directed to proceed by a police officer or traffic-control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop as required by section 49–751 and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another roadway or which is approaching so closely on said roadway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection shall yield the right of way to the vehicle so proceeding."

The right of the driver of a vehicle traveling on a through highway is governed by I.C. § 40–202 which provides:

"The traffic on such through highways shall have the right of way over the traffic on any other highway, road or street intersecting therewith: provided, that at the intersection of two through highways the Idaho board of highway directors shall determine which traffic shall have the right of way."

None of the relevant statutes in effect at the time of the accident in question mention forfeiture of right of way due to excessive speed. Instruction no. 26, having no statutory authority to support it, was an improper instruction of the law existing at the time of the accident.

Although a statute providing for forfeiture of right of way in cases of unlawful speed may have a salutary effect on discouraging excessive speed in connection with open and possibly even favored intersections,[9] no such provision exists in the Idaho Code presently. An example of such a statute governing open intersections is Or.Rev.Stat. § 483.202 (1971).[10] Even

---

8. *See* I.C. § 49–727 (Supp.1972).

9. *See* E. Fisher, Right of Way in Traffic Law Enforcement 219–220 (1956).

10. Or.Rev.Stat. § 483.202 (1971) states in part:

"(1) The driver of a vehicle entering a freeway or other arterial highway where an acceleration or merging lane is provided for his use shall look out for and give right of way to vehicles on the freeway or other arterial highway.

if such a statute were in force in Idaho, however, the fact that a favored driver under a right of way statute could forfeit his right of way by excessive speed would not transfer the right of way to the other driver.[11]

■ A trial court possesses wide discretion in granting a motion for a new trial, and such discretion will not be disturbed on appeal unless it clearly appears to have been exercised unwisely and to have been manifestly abused.[12] In Warren v. Eshelman,[13] this Court affirmed an order granting a new trial, stating:

"When a trial court is of the opinion that a verdict, based on conflicting evidence, or even where there is no conflict, is not in accord with law or justice, he may grant a new trial. Grimm v. Harper, 84 Idaho 220, 370 P.2d 197. The reasons for such a rule are recognized as being, (1) that the trial court, from seeing and hearing the witness, may have formed such a doubt as to the credibility of the testimony, or entertained such an impression from the surrounding circumstances and atmosphere of the trial, as to conclude that a fair and impartial trial was not had; and (2)

(2) Drivers, when approaching other uncontrolled highway intersections, shall look out for and give right of way to vehicles on the right, simultaneously approaching a given point, whether such vehicle first enters and reaches the intersection or not.

(3) Subsections (1) and (2) of this section do not apply at any intersection where and when traffic is controlled by traffic control signals, signs or police officers. Any driver entering an intersection at an unlawful speed shall forfeit any right of way he would otherwise have under subsection (1) or (2) of this section.

that the exercise of such power is not an invasion of the jury's function to decide the facts, for upon granting a new trial the questions of fact will again be submitted to the jury for a decision. Mooney v. Carter (1945), 114 Colo. 267, 160 P.2d 390." [14]

■ In the instant case the trial court granted a new trial on the ground that prejudicial error was committed in submitting to the jury instruction no. 26. Where the trial court in granting a new trial expressly states the ground upon which the new trial was granted, this Court on appeal will determine the issue of whether the particular ground justified the granting of the motion.[15]

■ We hold only that the trial court did not abuse its discretion by ordering a new trial on the ground that prejudicial error was committed in the giving to the jury of instruction no. 26. The order is affirmed and the case is remanded to the district court for a new trial.

Costs to respondents.

DONALDSON, C. J., and SHEPARD, McFADDEN and BAKES, JJ., concur.

11. Dorey v. Myers, 211 Or. 631, 317 P.2d 585 (1957) ; see also 3 Blashfield Automobile Law and Practice, § 114.109 (3d ed. 1965).

12. Rosenberg v. Toetly, 93 Idaho 135, 456 P.2d 779 (1969) ; Blaine v. Byers, 91 Idaho 665, 429 P.2d 397 (1967) ; Cassia Creek Reservoir Co. v. Harper, 91 Idaho 488, 426 P.2d 209 (1967).

13. 88 Idaho 496, 401 P.2d 539 (1965).

14. Id., 88 Idaho at 500, 401 P.2d at 541.

15. Kuhn v. Dell, 89 Idaho 250, 253, 404 P.2d 357 (1965) ; Sanchotena v. Tower Co., 74 Idaho 541, 264 P.2d 1021 (1953).